FILED

**NOT FOR PUBLICATION**

JUN 10 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, | No. 11-15956<br><br>D.C. No. 3:06-md-01791-VRW<br>Northern District of California,<br>San Francisco |
| CENTER FOR CONSTITUTIONAL RIGHTS; TINA M. FOSTER; GITANJALI S. GUTIERREZ; SEEMA AHMAD; MARIA LAHOOD; RACHEL MEEROPOL,<br><br>        Plaintiffs - Appellants,<br><br> v.<br><br>BARACK OBAMA, President of the United States; NATIONAL SECURITY AGENCY, Ltg. Keith B. Alexander, Director; DEFENSE INTELLIGENCE AGENCY, Ltg. Ronald L. Burgess, Jr., Director; CENTRAL INTELLIGENCE AGENCY, Leon Panetta, Director; DEPARTMENT OF HOMELAND SECURITY, Janet Napolitano, Secretary; FEDERAL BUREAU OF INVESTIGATION, Robert S. Mueller III, Director; JAMES R. CLAPPER, Director of National Intelligence, | MEMORANDUM[*] |

---

     [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Submitted June 3, 2013[**]
San Francisco, California

Before: PREGERSON, HAWKINS, and McKEOWN, Circuit Judges.

The Center for Constitutional Rights (CCR) appeals the district court's dismissal on standing grounds of its suit challenging the National Security Agency's program of warrantless surveillance, referred to as the Terrorist Surveillance Program (TSP), which ended in 2007. We have jurisdiction under 28 U.S.C. § 1291 and, reviewing de novo, we affirm.

The Supreme Court in *Clapper v. Amnesty Int'l*, 133 S. Ct. 1138 (2013), addressed a substantially similar challenge to surveillance conducted under the Foreign Intelligence Surveillance Act Amendments Act of 2008, 50 U.S.C. § 1881a. The Court held the plaintiffs lacked standing because they could not demonstrate that they were injured by the Act. Of the five steps that the Court identified in the "highly attenuated chain" of alleged injury there, *Amnesty Int'l*, 133 S. Ct. at 1148, four of them apply to CCR's challenge. The plaintiffs here

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"fear that: (1) the Government [decided] to target the communications of non-U.S. persons with whom they communicate; (2) in doing so, the Government [chose] to [utilize the TSP] rather than utilizing another method of surveillance . . . (4) the Government [succeeded] in intercepting the communications of [their] contacts; and (5) [plaintiffs were] parties to the particular communications that the Government intercept[ed]." *Id.*  Like the *Amnesty Int'l* plaintiffs, the CCR plaintiffs "have no actual knowledge of the Government's . . . targeting practices." *Id.*

One link in the speculative chain is inapplicable here: the fear that "(3) the Article III judges who serve on the Foreign Intelligence Surveillance Court [FISC] will conclude that the Government's proposed surveillance procedures satisfy § 1881a's many safeguards and are consistent with the Fourth Amendment." *Id.* Although CCR might have a slightly stronger basis for fearing interception because of the lack of FISC involvement, CCR's asserted injury relies on a different uncertainty not present in *Amnesty Int'l*, namely, that the government retained "records" from any past surveillance it conducted under the now-defunct TSP.  In sum, CCR's claim of injury is largely factually indistinguishable from, and at least as speculative as, the claim rejected in *Amnesty Int'l*.

**AFFIRMED.**